PER CURIAM.
On its own motion, the Court amends Florida Rule of Judicial Administration *1152 2.320, Continuing Judicial Education. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g).
The amendments to rule 2.320 are in response to policy changes concerning continuing judicial education requirements recommended by the Florida Court Education Council.[1] Subdivision (b)(2), Minimum Requirements, of the rule is amended to increase the number of continuing judicial education credit hours required in ethics in each three-year reporting period from two to four hours. Beginning January 1, 2012, four hours in the area of judicial ethics will be required; prior to that date, the current two hours in this area are required. Delaying the increase in ethics hours required ensures that judges will have adequate notice of the change and that no judge will be adversely affected by it. Language is also added to clarify that approved courses in fairness and diversity can be used to fulfill the ethics requirement. The subdivision is further amended to require a new appellate judge who has never been a trial judge or who has never attended Phase I of the Florida Judicial College as a magistrate to attend that program during the judge’s first year of judicial service following appointment.
Accordingly, we amend Florida Rule of Judicial Administration 2.320 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments are effective immediately upon the release of this opinion. However, because the Court did not publish the amendments for comment prior to their, adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, J., dissents.
APPENDIX
RULE 2.320. Continuing Judicial Education
(a) Purpose. This rule sets forth the continuing education requirements for all judges in the state judicial system.
(b) Education Requirements.
(1) Applicability. All Florida county, circuit, and appellate judges and Florida supreme court justices shall comply with these judicial education requirements. Retired judges who have been approved by the supreme court to be assigned to temporary active duty as authorized by section 25.073, Florida Statutes (1991), shall also comply with the judicial education requirements.
(2) Minimum Requirements. Each judge and justice shall complete a minimum of 30 credit hours of approved judicial education programs every 3 years. TwoBeginning January 1, 2012, 4 hours must be in the area of judicial ethics; prior to that date, 2 hours in the area of judicial ethics are required. Approved courses in *1153 fairness and diversity also can be used to fulfill the .judicial ethics requirement. In addition to the 30-hour requirement, every judge new to a level of trial court must complete the Florida Judicial College program in that judge’s first year of judicial service following selection to that level of court; every new appellate court judge or justice must, within 2 years following selection to that level of court, complete an approved appellate-judge program. Every new appellate judge who has never been a trial judge or who has never attended Phase I of the Florida Judicial College as a magistrate must also attend Phase I of the Florida Judicial College in that judge’s first year of judicial service following the judge’s appointment. Credit for teaching a course for which mandatory judicial education credit is available will be allowed on the basis of 2½ hours’ credit for each instructional hour taught, up to a maximum of 5 hours per year.
(3) Mediation Training. Prior to conducting any mediation, a senior judge shall have completed a minimum of one judicial education course offered by the Florida Court Education Council. The course shall specifically focus on the areas where the Code of Judicial Conduct or the Florida Rules for Certified and Court-Appointed Mediators could be violated.
(c) Course Approval. The Florida Court Education Council, in consultation with the judicial conferences, shall develop approved courses for each state court jurisdiction. Courses offered by other judicial and legal education entities must be approved by the council before they may be submitted for credit.
(d) Waiver. The Florida Court Education Council is responsible for establishing a procedure for considering and acting upon waiver and extension requests on an individual basis.
(e) Requirements and Sanctions. The Florida Court Education Council shall establish a procedure for reporting annually to the chief justice on compliance with this rule. Each judge shall submit to the Legal Affairs andCourt Education Division of the Office of the State Courts Administrator an annual report showing the judge’s attendance at approved courses. Failure to comply with the requirements of this rule will be reported to the chief justice of the Florida supreme court for such administrative action as deemed necessary. The chief justice may consider a judge’s or justice’s failure to comply as neglect of duty and report the matter to the Judicial Qualifications Commission.

. Minor editorial changes also are made throughout the rule.

. An original and nine paper copies of all comments must be filed with the Court on or before February 7, 2011, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).